**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Le Feather, LLC and Son Van Le, Respondents,

v.

Tuyet L. White, Appellant.

Appellate Case No. 2016-002350

———————————

Appeal From Orangeburg County
James B. Jackson, Jr., Master-in-Equity

———————————

Unpublished Opinion No. 2018-UP-247
Submitted May 1, 2018 – Filed June 13, 2018

———————————

**AFFIRMED**

———————————

Russell Allen Blanchard, IV, of Williams & Williams, of Orangeburg, for Appellant.

Lewis C. Lanier, of Lanier & Burroughs, LLC, of Orangeburg, for Respondents.

———————————

**PER CURIAM:** Tuyet White appeals the master-in-equity's final order that required her to vacate a premises owned by Le Feather, LLC (Feather) and pay $1,000 monthly rent retroactive to a December 2013 order. On appeal, White argues the master erred in (1) finding White was not in a partnership with either Son Van Le or Feather; (2) finding White's dissociation from Feather was valid;

and (3) failing to order an accounting.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the master erred in finding White was not in a partnership with either Le or Feather: *Bluffton Towne Center, LLC v. Gilleland-Prince*, 412 S.C. 554, 562-63, 772 S.E.2d 882, 887 (Ct. App. 2015) ("When reviewing a master-in-equity's judgment made in an action at law, 'the appellate court will not disturb the master's findings of fact unless the findings are found to be without evidence reasonably supporting them.'" (quoting *Silver v. Aabstract Pools & Spas, Inc.*, 376 S.C. 585, 590, 658 S.E.2d 539, 542 (Ct. App. 2008))); S.C. Code Ann. § 33-41-210 (2006) ("A 'partnership' is an association of two or more persons to carry on as co-owners a business for profit . . . ."); *Moore v. Moore*, 360 S.C. 241, 260, 599 S.E.2d 467, 477 (Ct. App. 2004) ("A partnership may be found to exist by implication from the parties' conduct."); *id.* at 260-61, 599 S.E.2d at 477 ("To determine whether a partnership exists, the following tests are used: (1) the sharing of profits and losses; (2) community of interest in capital or property; and (3) community of interest in control and management."); *Stephens v. Stephens*, 213 S.C. 525, 531, 50 S.E.2d 577, 579 (1948) ("[W]hen all of the conditions exist which by law create a legal relationship, the effects flowing legally from such relation follow whether the parties foresaw and intended them or not.").

2.  As to whether the master erred in finding White's dissociation from Feather was valid: S.C. Code Ann. § 33-44-601(1) (2006) ("A member is dissociated from a limited liability company upon the occurrence of . . . the company's having notice of the member's express will to withdraw upon the date of notice or on a later date specified by the member."); S.C. Code Ann. § 33-44-603(1) (2006) ("Upon a member's dissociation . . . the company must cause the dissociated member's distributional interest to be purchased under Article 7."); S.C. Code Ann. § 33-44-701(a)(1) (2006) ("A limited liability company shall purchase a distributional interest of a . . . member . . . for its fair value determined as of the date of the member's dissociation if the member's dissociation does not result in a dissolution and winding up of the company's business . . . .").

3.  As to whether the master erred in failing to order an accounting: *Futch v. McAllister Towing of Georgetown*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (holding an appellate court need not address all issues on appeal when its decision on one issue is dispositive).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**